JOHN M. COFER, PROSECUTOR-APPELLANT, v. JOSEPH A. CORIO, JUDGE OF THE ATLANTIC COUNTY COURT OF COMMON PLEAS, DEFENDANT-RESPONDENT.

Submitted May 25th, 1934—Decided October 5, 1934.

For the appellant, *William I. Garrison* and *Samuel Backer.*

For the respondent, *Clifford A. Baldwin* and *Charles P. Brewer.*

The opinion of the court was delivered by

DONGES, J. The question presented by this appeal is whether or not the Court of Common Pleas may refuse to pass upon the merits of a further application of an insolvent debtor who has twice made application for his discharge, under the insolvent laws, and has twice been refused his discharge.

The appellant was in custody on a *capias ad satisfaciendum.* He gave notice of his intention to apply for his discharge as

an insolvent debtor, filing an inventory of assets and list of creditors, and gave bond. The court declined to discharge him, for reasons that do not appear in the state of the case, and remanded him to prison.

Thereafter he again applied to the Common Pleas Court for his discharge, as an insolvent debtor, apparently giving a new notice and filing a new bond, with an inventory of assets and list of creditors. Again, the court refused him his discharge, for reasons that do not appear, and remanded him to prison.

He thereafter made a third application, filed a bond and inventory of assets and a list of creditors, and gave notice as required by statute.

The state of the case discloses that the order appealed from recites that the creditor at whose instance the appellant was arrested filed a plea of *res adjudicata* and that the court was of opinion that the plea was good and should be sustained, and it further recites that under two prior orders applications were refused, and "that no new matter is presented to the court. Therefore the application is denied and the discharge refused."

The record, as above stated, does not disclose what proceedings were had under the two prior applications, nor for what reason those applications for discharge were denied. The statute, section 17B (2 *Comp. Stat., p.* 2831), provides that the debtor may make a new application "and the same proceedings shall be had for that purpose as fully and effectually as if no previous application for that purpose had been made." The Supreme Court, in passing upon the matter, felt bound to follow the suggestions in the opinion filed in *Koch* v. *Costello*, 93 *N. J. L.* 367. However, as was said by the writer of that opinion, the question was not before the court for decision, so that what was said was clearly *obiter dictum* and what was there said on the question is not to be taken as an adjudication.

The record in this case discloses that the judge before whom the application was pending made a certificate to the following effect:

"Upon examining the file in this cause and it appearing that the said insolvent debtor had on two former occasions been refused his discharge in this court I refused to hear, consider or examine into the truth and justice of the petition, or to consider or examine the truth and fairness of the account and inventory exhibited before me, I refused to propound interrogatories to the said insolvent debtor or to permit interrogatories to be propounded to him and I did thereupon make an order that the matter was *res adjudicata* and remanded the said insolvent debtor to the custody of the keeper of the jail of said county, there to remain until discharged by the further order of this court."

Without passing upon the question of how many applications may be made by a debtor, if there be any limitation thereof, unless new matter be presented, we conclude that, in the situation presented in this case, the court was not justified in refusing to consider the matter. The fact that prior applications for discharge were denied, was not sufficient. Such refusals may have been for reasons that did not obtain in the instant case. The court should, at least, have determined whether or not the questions presented had been determined upon their merits adversely to the applicant. Indeed, it is difficult to see how it could be determined that the position of the prosecutor had not changed or that he was attempting to secure his release upon exactly the same grounds as in the prior applications, except by receiving the petition and making inquiry into its merits. From the record before us it cannot be said that the petition, inventory, list of creditors and bond were identical with those previously filed. It may very well be that upon a hearing it would develop that some or all of the points urged had been adversely decided on the previous applications and prosecutor was not entitled to have those matters reheard, but the proper procedure was to receive the petition and make such examination as would form the basis for judgment on the petition, rather than to dismiss it without examination upon a plea of *res adjudicata*.

The judgment under review is reversed.

*For affirmance*—HEHER, J.   1.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, TREN-CHARD, CASE, BODINE, DONGES, VAN BUSKIRK, KAYS, HET-FIELD, DEAR, WELLS, JJ.   11.